# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2550 | DATE | JUL 29 2008 |
| CASE TITLE | Greg Zawadowicz (#2006-0059781) vs. Richard Divane, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's request for an extension of time [#12] is granted. The deadline for submitting an amended complaint (plus judge's and service copies) is extended to August 23, 2008. The plaintiff's request for a court order granting him additional access to the law library [#14] is denied; however, the court requests that correctional officials grant the plaintiff reasonable access to the jail's law library. The clerk is directed to mail a copy of this order to the Executive Director of the Cook County Jail. The clerk is additionally directed to send the plaintiff another copy of the court's filing instructions.

■ [For further details see text below.]                                                                    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that: (1) Chicago police officers searched his home and arrested him without probable cause or a warrant, (2) defendant Mark Tatarczuk made a false police report, and (3) defendant Wesley Tatarczuk committed perjury before a grand jury.

The plaintiff has mailed two letters to the court. The plaintiff is advised that *ex parte* letters to the judge are not permitted. Any requests for court action must be made by motion (such as "motion for an extension of time") and filed with the Clerk of Court. The plaintiff is also once again reminded that he must: (1) provide the court with the original plus a judge's copy of every document filed; and (2) include a certificate of service showing that a copy was mailed to opposing counsel. In the future, any document filed that fails to comport with these basic filing rules will be stricken without being considered.

Nevertheless, the plaintiff's request for an extension of time is granted. The deadline for submitting an amended complaint (plus judge's and service copies) is extended to August 23, 2008.

The plaintiff additionally seeks a court order granting him more time in the jail's law library. The request is denied. Inmates' right of meaningful access to the courts does not encompass an unfettered right of access

**(CONTINUED)**

mjm

**STATEMENT (continued)**

to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed. In any event, the court has no personal jurisdiction over Cook County Jail officials, who are not parties to this lawsuit.

Furthermore, because the plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. In addition, if and when the defendants file dispositive motions, the plaintiff may seek an extension of time in which to respond to any such motions. Accordingly, his motion for court-ordered access to the law library is denied.

The court nevertheless certifies that the above-captioned civil rights action is pending and requests that correctional officials grant the plaintiff reasonable access to the jail's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates the plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.