# United States District Court, Northern District of Illinois

H HN

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2550 | DATE | AUG 27 2008 |
| CASE TITLE | Greg Zawadowicz (#2006-0059781) vs. Richard Divane, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to add Mark Vail, Mark Hawkins, John Folino, Timothy McDermott, Brian Spain, Sheamus Forgus, and Sean Forde as defendants pursuant to the amended complaint. The clerk is further directed to issue summonses for service of the amended complaint on the defendants by the U.S. Marshal. The amended complaint is dismissed on initial review as to Police Superintendent Phil Cline pursuant to 28 U.S.C. § 1915A.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Chicago police officers, violated the plaintiff's constitutional rights by searching his home and arresting him without probable cause or a warrant.

By Minute Order of May 13, 2008, the court granted the plaintiff leave to proceed against Police Chief Phillip Cline so that the plaintiff could conduct discovery in order to ascertain the identity of the John Doe officers. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The plaintiff has now submitted an amended complaint naming the officers in question.

The amended complaint is dismissed on initial review as to Superintendent Cline pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See

(CONTINUED)

mjm

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). Consequently, the plaintiff may proceed only against the officers who were actually involved in the allegedly illegal search and seizure.

The clerk shall issue summonses forthwith for service on defendants Mark Vail, Mark Hawkins, John Folino, Timothy McDermott, Brian Spain, Sheamus Forgus, and Sean Forde. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Chicago Police Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.