IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Greg Zawadowicz | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
|    -*vs*- | ) | No. 08 CV 2550 |
| | ) | |
| Mark Vail, Sheamus B. Fergus, John L. | ) | *(Judge Lefkow)* |
| Folino Jr., Timothy McDermott, | ) | |
| | ) | Jury Trial Demanded |
| | ) | |
|     *Defendants.* | ) | |

## DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S SECOND (THIRD) AMENDED COMPLAINT (DOCKET NUMBER 84)

Chicago police officers Mark Vail, Sheamus B. Fergus, John L. Folinao, Jr., and Timothy McDermott (herein "Defendants"), by and through counsel, Andrew Hale and Associates, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Second (Third) Amended Complaint:

    1.    This is a civil action arising under 42 U.S.C. §1983; the jurisdiction of this Court is conferred by 28 U.S.C. §1343.

**ANSWER: Admit.**

    2.    Plaintiff Greg Zawadowicz is a resident of the Northern District of Illinois.

**ANSWER: Admit.**

    3.    Defendants Mark Vail, Sheamus B. Fergus, John L. Folino Jr., and Timothy McDermott are police officers employed by the City of Chicago. These defendants are sued in their individual and in their official capacity.


-2-

**ANSWER: Admit.**

4. On August 2, 2006, defendants Vail, Fergus, Folino, and McDermott arrested plaintiff at his home.

**ANSWER: Admit.**

5. After arresting plaintiff, and in accordance with a policy or widespread practice of the City of Chicago, one or more of defendants Vail, Fergus, Folino, and McDermott caused plaintiff to be held in custody for more than 48 hours while the officers sought to build a case against him.

**ANSWER: Defendants cannot answer for the City of Chicago. Defendants admit that plaintiff was arrested but deny the remaining allegations set forth in paragraph 5 of plaintiff's complaint.**

6. On August 4, 2006, defendant Folino signed a "complaint for preliminary examination" averring that plaintiff "had killed Marcin Strojny without lawful justification by battering him with a blunt instrument knowing that such act created a strong probability of great bodily harm or death to Marcin Strojny."

**ANSWER: Admit.**

7. At the time he signed the above referred complaint, Folino could not have reasonably believed that plaintiff had battered Strojny with a blunt instrument.

**ANSWER: Deny.**

8. Plaintiff appeared before a judge on August 5, 2006, who ordered that plaintiff be held in custody on the above referred "complaint for preliminary examination" in lieu of $40,000 cash bond.

**ANSWER: Upon information and belief, Defendants admit the allegations set forth in paragraph 8.**

9. Plaintiff was held in custody pursuant to the above referred sworn complaint until September 20, 2006, when he was formally charged by indictment.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in paragraph 9.**

10. **Claim I:** Plaintiff was deprived of rights secured by the Fourth Amendment was (sic) he was held in custody for more than 48 hours while the officers sought to build a case against him.

**ANSWER: Defendants admit that it was more than 48 hours from the time of plaintiff's arrest unit the time of his probable cause hearing but deny the remaining allegations set forth in paragraph 10.**

11. **Claim II:** Plaintiff was falsely imprisoned and thereby deprived of rights secured by the Fourth Amendment when he was held in custody pursuant to the false "complaint for preliminary examination" signed by defendant Folino.

**ANSWER: Deny.**

12. Plaintiff demands trial by jury.

**ANSWER: Admit.**

Wherefore Defendants request that judgment be entered in their favor and that their costs and reasonable attorneys' fees be taxed against plaintiff.

Fed. R. Civ. P. 12(b)(6) DEFENSES

1. Plaintiff has failed to allege facts sufficient to support a claim under 42 US.C. §1983 or Illinois law for false imprisonment as a matter of law against defendants because he does not dispute that probable cause existed for his arrest and prosecution. (*See* Pl.'s Resp. to Def.s's First Set of Requests to Admit, attached hereto as Exhibit A).

AFFIRMATIVE DEFENSES

2. Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted the Defendants could have believed their actions to be lawful, in light of established law and the information the Defendants possessed. Therefore, Defendants are entitled to qualified immunity on Plaintiff's 42 US.C. § 1983 claims.

3. Where Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

4. Under the Illinois Tort Immunity Act and 42 US.C. § 1983, Defendants are not liable for any injury caused by the act or omission of another person.

5. To the extent Defendants were executing or enforcing the law or performing discretionary functions, Defendants are not liable unless their actions or omissions constitute willful and wanton conduct.

6. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

7.  To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

9.  This entire action is barred by the applicable statute(s) of limitations.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38 (b) for all issues so triable.

/s/ *Shneur Nathan*
SHNEUR NATHAN
One of the attorneys for Defendants

Andrew M. Hale
Avi T. Kamionski
Cherie Getchell
Shneur Nathan
Andrew M. Hale & Associates
53 W. Jackson Blvd – Suite 1800
312.870.6927 Phone
Attorney No. 6294495

**CERTIFICATE OF SERVICE**

I, Shneur Nathan, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing Defendants' Amended Answer, 12(b)(6) Defenses, Affirmative Defenses, and Jury Demand to Plaintiff's Second (Third) Amended Complaint (Docket Number 84) to be served upon all attorneys of record via the Court's electronic case filing system, in accordance with the rules of electronic filing of documents, on this 21st day of October, 2010.

/s/ *Shneur Nathan*