**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Grzegorz Zawadowicz, | ) | |
| | ) | Case No.: 08 C 2550 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | |
| Mark Vail, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT**

Defendant Police Officers Mark Vail, Sheamus Forgus, Mark T. Hawkins, Sean Forde,

John Folino, Jr., Timothy McDermott and Brian S. Spain (herein referred to as "Defendants"), by

their undersigned attorneys, move pursuant to Fed. R. Civ. P. 56, and respectfully ask this

Honorable Court to grant their Motion for Summary Judgment. In support of their motion,

Defendants submit the following:

**SUMMARY OF ARGUMENT**

Plaintiff's Second Amended Complaint (Dkt No. 84) asserts claims for unreasonable

length of confinement (Count I) and false imprisonment (Count II). Each of these claims is

asserted under federal law. Taking the second claim first, the undisputed probable cause to arrest

and imprison plaintiff that exists is a complete bar. As for the length of confinement claim, that

claim fails as a matter of law because plaintiff failed to sue the appropriate parties. Alternatively,

Defendants are entitled to qualified immunity because they could have reasonably believed that

*Gerstein* was satisfied when they turned Plaintiff over to the jailers before 48 hours passed and

after they presented the fact of plaintiff's arrest and its basis before the judge that approved a

search warrant for Plaintiff's apartment.

1

## STATEMENT OF FACTS

The statement of facts in Defendants' Local Rule 56.1 (a)(3) Statement of Uncontested Facts (herein "SOF") filed contemporaneously with this memorandum is hereby incorporated by reference as if fully restated herein.

## STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." To determine whether a genuine issue of material fact exists, the court "must view all evidence and inferences in light most favorable to the nonmoving party." *Sandra T.E. v. Sperlik*, 639 F.Supp.2d 912, 918 (N.D. Ill. 2009) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)).

Once a motion for summary judgment has been made and properly supported by the moving party, "the nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine [material] issue for trial.'" *Id*. (*quoting Anderson,* 477 U.S. at 248 (1986)). An issue of material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *UPS Supply Chain Solutions, Inc. v. American Airlines, Inc.,* 646 F.2d 1011, 1013 (N.D. Ill. 2009) (*quoting Anderson*, 477 U.S. at 249). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.,* 233 F.3d 432, 437 (7th Cir. 2002). The existence of a factual dispute will not bar summary judgment unless the disputed fact is outcome determinative under governing law. *Contreras v. City of Chicago,* 119 F.3d 1286, 1291-92 (7th Cir. 1997).

2

## I. THE FALSE IMPRISONMENT CLAIM FAILS BECAUSE PROBABLE CAUSE IS UNDISPUTED.

It is hornbook law that probable cause absolutely bars a false imprisonment claim. *See Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for . . . false imprisonment"); *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989) ("probable cause for arrest is an absolute bar to a Section 1983 claim for . . . false imprisonment"); *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ("probable cause for an arrest totally precludes any section 1983 claim for . . . false imprisonment"). *See also McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Montano v. City of Chicago*, 535 F.3d 558, 568 (7th Cir. 2008); *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). The undisputed facts in this case unquestionably demonstrate that there was ample probable cause to arrest, charge, and imprison – and probably even enough to support a conviction.

### A. The Overwhelming Evidence of Probable Cause.

Plaintiff's admission regarding the existence of probable cause to imprison negates any claim for false imprisonment. It is undisputed that Marcin Strojny was murdered as a result of a violent beating that occurred on July 29, 2006 outside of the Hotspot Tavern. (SOF ¶5). Before arresting Plaintiff, Defendants reviewed surveillance video from the Hotspot Tavern that showed Plaintiff exiting the tavern with people armed with pool cues. (SOF ¶¶10-12). This same footage depicts Plaintiff reentering the Hotspot tavern with these individuals shortly after the beating and celebrating with them. (SOF ¶11). Further, Plaintiff admits that he was present in the immediate vicinity of Strojny at the time that Strojny was being beaten to death. (SOF ¶7).

3

Before Plaintiff's arrest on August 2, 2006 at 10:00 a.m., three individuals (excluding any co-defendants) gave statements to Defendants that Plaintiff participated in the murder. (SOF ¶12). During a lineup on August 3, 2006, witness Adam Chodakowski positively identified Plaintiff as a participant in the murder. (SOF ¶21). More specifically, Adam Chadokowski told Detective Folino that Plaintiff was one of the individuals that struck the victim with a pool stick. (SOF ¶26). Physical evidence recovered during a consensual search of Plaintiff's home corroborated the statements made by eyewitnesses. (SOF ¶¶15-16). On August 3, 2006 or earlier, a bloodstained sweatshirt was recovered from Plaintiff's apartment. (SOF ¶¶15-16). This same bloodstained shirt could be seen on Plaintiff in the Hotspot Tavern's surveillance video. (*See* SOF ¶11). During police questioning, Plaintiff initially denied being in the vicinity of the beating but conceded that he made physical contact with the victim after being confronted with the witness statements and surveillance video. (SOF ¶¶18-19). Even today, Plaintiff does not actually deny striking Strogny with a blunt object. (SOF ¶38).

It is beyond legitimate dispute that plaintiff was properly imprisoned. In fact, Plaintiff admitted in response to Defendants' requests for admission that there was probable cause to arrest, charge, imprison and prosecute him for murder. (SOF ¶¶14, 30). Chillingly, Plaintiff's charges were dismissed because the civilian witnesses against him inexplicably failed to appear in court. (SOF ¶¶35-37). It is unclear why these witnesses mysteriously disappeared and Plaintiff and his co-defendants were released. Plaintiff's decision to assert his Fifth Amendment privilege in response to deposition questions on the topic of missing witnesses does not provide any clarification as to the whereabouts of these witnesses. (SOF ¶¶38). To allow a false imprisonment claim to proceed based on these undisputed facts is contrary to law and insulting to society as a whole. Summary judgment should be granted on the false imprisonment claim alleged in Count II because Plaintiff's

confinement was properly supported by probable cause. *Devenpeck v. Alford*, 543 U.S. 146 (2004) (probable cause for any crime at all is a complete bar to a false arrest claim); *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (analyzing false arrest and false imprisonment claims together); *See also*, *e.g.*, *Mustafa*, 442 F.3d at 547.

**B.  The False Imprisonment Claim Asserted Here is Nothing More Than an Attempt to Assert a Federal Malicious Prosecution Claim.**

Plaintiff attempts to avoid the overwhelming probable cause that is fatal to his false imprisonment claim by arguing that there was no probable cause to detain Plaintiff for the specific offense charged. In other words, Plaintiff is asserting a federal malicious prosecution claim. Of course there is no such animal in the Seventh Circuit because it exists under Illinois law. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (the existence of a state law claim for malicious prosecution bars any constitutionally based claim for malicious prosecution); *Parish v. City of Chicago*, 594 F.3d 551, 553 (7th Cir. 2009) (reaffirming the holding of *Newsome*).

Because counsel for Plaintiff himself litigated the *Parish* case and is therefore uniquely aware that it bars a federal malicious prosecution claim, he attempts to do an end-run around Seventh Circuit law by labeling it a false imprisonment claim. Plaintiff argues – barely with a straight face – that there was probable cause to arrest him for holding the victim down as a co-offender beat him to death with a pool cue but not probable cause for Defendants to believe that he was the person that struck the victim with a pool cue. But Plaintiff cannot avoid *Newsome* and *Parish* by combining a false arrest claim with a malicious prosecution claim and labeling it false imprisonment. The Seventh Circuit Court of Appeals has roundly rejected similar efforts. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)(a plaintiff cannot state a claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law

5

malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment"); *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009). Therefore, Plaintiff's otherwise nonviable false imprisonment claim cannot be rescued through clever pleading.

Finally, even if the Court did countenance a federal malicious prosecution claim, Defendants are still entitled to summary judgment because Adam Chadokowski was a reasonably credible witness that told Detective Folino that he witnessed Plaintiff striking the victim with a pool stick. (SOF ¶26).

### C. Plaintiff Cannot Rely on His Fifth Amendment Invocation to Support His Claims.

An alternative basis for the dismissal of Plaintiff's false imprisonment claim is his decision to exercise his Fifth Amendment privilege in response to discovery questions concerning the beating death of Strojny. While there is no hard and fast rule that a lawsuit must be dismissed if a plaintiff exercises his Fifth Amendment privilege, that does not relieve a plaintiff from his burden of proof. *U.S. v. Rylander*, 460 U.S. 752, 758 (1983) (the Fifth Amendment is not "a substitute for evidence"). "As a general matter, it may be true that a plaintiff, who initiates a civil action but refuses to present evidence, cannot then prevail on the merits with regard to those issues on which he bears the burden of proof." *Hiley v. United States*, 807 F.2d 623, 628 (7th Cir. 1986); *See also Kisting v. Westchester Fire Ins. Co.*, 416 F.2d 967, 967 (7th Cir.1969) (affirming summary judgment for defendant on insurance coverage claim where plaintiff failed to comply with policy provisions by refusing to answer questions under oath on the basis of the Fifth Amendment); *Crandall v. Hard Rock Café, Intl. (Chicago) Inc.*, No. 99 C 6094, 2000 WL 782938 at *2-3 (N.D.Ill. June 16, 2000) (granting summary judgment for defendant on emotional distress claim where plaintiff asserted Fifth Amendment privilege and refused to answer questions about drug

dependency); *Dimensions Med. Ctr. v. Principal Fin. Grp.*, 1996 WL 494229 at *6, 8 (N.D. Ill.) (granting summary judgment against party with burden of proof that exercised Fifth Amendment rights and noting a party may not "use the privilege both to prosecute his case and protect himself as against self-incrimination").

Here, plaintiff was specifically asked an interrogatory and deposition questions about whom he observed beating the victim and whether he participated. (SOF ¶¶38-39). In response to these questions, Plaintiff exercised his privilege against self-incrimination and chose not to answer. (SOF ¶¶38-39). He cannot now rest on his Fifth Amendment invocation to prosecute his case. *Hiley*, 807 F.2d at 628. For all of the above reasons, summary judgment should be granted on Plaintiff's false imprisonment claim.

## II.    DEFENDANTS ARE NOT LEGALLY RESPONSIBLE FOR ANY 48-HOUR VIOLATION THAT MAY HAVE OCCURRED.

### A.    The Lack of Requisite Personal Involvement by Defendants in Any 48-Hour Violation.

Defendants are entitled to summary judgment on the 48-hour claim because Plaintiff cannot meet his burden to show that the length of his detention was unreasonable during the period in which he was in the custody or control of Defendants. When a warrantless arrestee is brought before a judge for a probable cause determination within 48 hours of the arrest, the length of the detention is presumed constitutionally reasonable. *County of Riverside v. McLauhlin*, 500 U.S. 44, 56-57 (1991). Before the 48 hours pass, it is the plaintiff's burden to show that the duration of confinement was unreasonable. After 48 hours, the burden shifts to the defense to establish some extraordinary reason for the delay. Regardless of the length of confinement, however, "'an individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Starzenski v. City of Elkhart,* 87 F.3d

7

872, 879 (7th Cir.1996) (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983)); *see Gentry v. Duckworth, 65* F.3d 555, 561 (7th Cir.1995)). Once an arresting officer turns a plaintiff over to the jailers at the police station, the arresting officer is no longer responsible for post-arrest detention. *Tibbs v. City of Chicago,* 469 F.3d 661, 665 (7th Cir. 2006); *Brown v. Patterson,* 823 F.2d 167, 168-69 (7th Cir. 1987).

Here, Plaintiff has absolutely no evidence that the Defendants unreasonably delayed his *Gerstein* determination. Plaintiff was arrested at approximately 10:00 a.m. on August 2, 2006. (SOF ¶13). Defendant was charged with murder within 48-hours of his arrest or at approximately 9:43 a.m. (SOF ¶28). Plaintiff was turned over to the custody, care and control of lockup personnel at approximately 9:12 a.m. on August 4, 2006. (SOF ¶¶31-32). Defendants had no further interaction with Plaintiff besides maybe seeing him in court. (SOF ¶¶31-32). At the time Plaintiff was turned over to the jailers, 48 hours did not elapse and it is the Plaintiff's burden to rebut the presumption that the duration of his confinement was constitutionally reasonable. There is no evidence in the record from which Plaintiff can rebut this presumption. In fact, Plaintiff specifically testified at his deposition that he has no such evidence. (SOF ¶42).

To the extent that Plaintiff was detained beyond 48 hours without being presented to a neutral magistrate for a probable cause determination, Plaintiff was no longer in the custody or control of Defendants during that time. As such, according to the *Tibbs* rule, the burden of showing reasonable delay post 48 hours should be shifted to the jailers or the City of Chicago, not Defendants. It is anticipated that Plaintiff will attempt to argue based on common law principles that legal responsibility should be broadened to include the arresting officers because their actions triggered the chain of events. But this argument ignores the clear directive provided

by *Tibbs*. Therefore, Defendants are entitled to summary judgment as a matter of law on the 48-hour claim as well. *Tibbs*, 469 F.3d at 665.

## B. There is No Claim Against the City of Chicago.

The City of Chicago is not identified as a defendant in this lawsuit. (SOF ¶41). Defendants anticipate that plaintiff will attempt to argue, as he did in response to their motion for judgment on the pleadings, that he properly sued the City of Chicago because the Defendants were sued in their official capacity. But this argument is without merit and does not save Plaintiff's 48-hour claim. To be sure, it is true that a lawsuit against a municipal policymaker in his or her official capacity may be properly construed as a lawsuit against the municipality. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2008); *See Pembaur v. Cincinnati,* 475 U.S. 469, 481-83 (1986). However, there is no evidence whatsoever that Defendants were municipal policymakers or even had supervisory authority. (SOF ¶¶3-4).

In *Guzman*, the plaintiff filed suit against Cook County Sherriff Sheahan and a number of subordinate officers under §1983 after he sustained injuries in a fight with another inmate. *Guzman*, 495 F.3d at 853-854. Plaintiff argued that the aggressor inmate should have been housed in a different section of the jail and this was the legal cause of his injury. *Id.* at 855. The court construed the lawsuit against Sherriff Sheahan as an official capacity lawsuit against Cook County because Sherriff Sheahan had final policymaking authority.[1] *Guzman*, 495 F.3d at 859. Saliently, the court dismissed the claims brought against the subordinate officers to the extent they were brought against them in their official capacity because they were not final

---

[1] Incidentally, the claims against Sherriff Sheahan were dismissed because there was no evidence of deliberate indifference or any wrongful county policy. *Guzman*, 495 F.3d at 859.

policymakers. *Id.* at 860. Like the subordinate officers in *Guzman*, an official capacity lawsuit against defendant detectives fails because they do not have final policymaking authority. *See Id.*

Plaintiff took a risk when he opted out as a member of the *Dunn* class action settlement and rejected a generous $3,000 settlement for the hope of greener pastures. (SOF ¶¶43). The burden of this miscalculation should not be imposed on Defendants, whom the Seventh Circuit has declared bear no personal responsibility for post-arrest detention after turning a suspect over to the jailers. *Tibbs*, 469 F.3d at 665. Summary judgment should be granted in favor of Defendants on Count I.

### III.    ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

The doctrine of qualified immunity protects law enforcement officials, such as Defendants, when they make reasonable mistakes. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).  In the event that this Court finds that Defendants were legally responsible for ensuring Plaintiff was brought for a probable cause hearing within 48 hours of his arrest, it was reasonable for them to believe that they had no such responsibility. First, the Seventh Circuit indicated that it was the responsibility of the lockup personnel and not the arresting officers in the type of situation Defendants were presented with here. *See Tibbs*, 469 F.3d at 665 (7th Cir. 2006); *Brown*, 823 F.2d at 168-69. Second, the fact of Plaintiff's arrest and the probable cause it was based upon was actually presented to a Cook County judge before 48 hours elapsed was sufficient to satisfy the *Gerstein* requirement.

At 1:30 p.m. on August 3, 2006, Defendant Spain informed a judge under oath that Plaintiff was arrested after eyewitnesses identified him as participating in the beating death of Strojny and that Plaintiff was on videotape as being present in the vicinity of the beating. In order to satisfy *Gerstein*, there is no requirement that the criminal defendant be brought physically before a

judge. In fact, a sworn complaint by a law enforcement officer regarding the facts of probable

cause is sufficient. *Brainerd v. County of Lake*, 357 Fed.Appx. 88, 91 (9th Cir. 2009)(judicial

determination of probable cause may be made by telephone); *U.S. v. Bueno-Vargas*, 383 F.3d

1104, 1111-12 (9th Cir. 2004)(holding that officer's Probable Cause Statement faxed to

magistrate negated a duration of confinement claim); see also *Peet v. City of Detroit*, 502 F.3d

557, 570 (6th Cir. 2007)(Holschuh, J. dissenting)(issuance of an arrest warrant post-detention

would satisfy *County of Riverside*).

    Accordingly, Defendants could have reasonably believed that the *Gerstein* hearing

requirement was satisfied when a judge signed a search warrant that referenced Plaintiff's arrest

and its probable cause within 48 hours of the arrest.

        WHEREFORE, Defendants respectfully ask this Honorable Court to grant their Motion

for Summary Judgment.

Respectfully Submitted,

/s/ *Shneur Nathan*
Shneur Nathan
One of the Attorneys for Defendants

Andrew M. Hale
Avi Kamionski
Shneur Nathan
Cherie Getchell
Andrew M. Hale & Associates
53 West Jackson, Suite 1800
Chicago, Illinois 60604
(312) 341-9646
Att. No. 6294495

11

## CERTIFICATE OF SERVICE

I, Shneur Nathan, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be served upon all attorneys of record via the Court's electronic case filing system, in accordance with the rules of electronic filing of documents, on this 31st day of May, 2011.

_/s/ Shneur Nathan_
SHNEUR NATHAN

12