**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GRZEGORZ ZAWADOWICZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 08 CV 2550** |
| | ) | **Judge Joan H. Lefkow** |
| **MARK VAIL, JOHN L. FOLINO, JR.,** | ) | |
| **TIMOTHY B. McDERMOTT, and** | ) | |
| **SHEAMUS B. FERGUS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This section 1983 civil rights case is before the court on plaintiff's motion for summary

judgment on liability under Count I of the complaint and defendants' motion for summary

judgment as to Counts I and II. Grzegorz Zawadowicz alleges deprivation of his liberty in

violation of the Fourth Amendment because he was held in custody of the defendant Chicago

Police Department detectives for a period that prevented his being taken to court for a probable

cause determination within forty-eight hours of his arrest (Count I). He also alleges false

imprisonment under Illinois common law (Count II).[1] For the following reasons, plaintiff's

motion [#102] will be granted and defendants' motion [#98] will be granted in part and denied in

part.

---

[1] The court has jurisdiction under 42 U.S.C. § 1343 and 28 U.S.C. § 1367. Venue in this court is proper under 28 U.S.C. § 1391(b)(2) as all events took place within the Northern District of Illinois.

### UNCONTESTED FACTS[2]

On July 26, 2006, at approximately 4:30 a.m., Marcin Strojny was beaten to death outside a bar located in Chicago. By August 2 before 10:00 a.m., Chicago Police Department detectives, defendants Mark Vail, Sheamus Fergus, John Folino, Jr., and Timothy McDermott, had reasonable cause based on their investigation to believe that Grzegorz Zawadowicz had committed the crime. Without a warrant, they arrested Zawadowicz at his home at about 10:00 a.m. on August 2. After the arrest, defendants questioned Zawadowicz for approximately three hours.[3] On August 3, they interviewed at least one additional witness, placed Zawadowicz in a lineup, and obtained and executed a search warrant at his home. The application for the search warrant was based on the affidavit of Brian Spain, another detective involved in the investigation, and sought permission to search Zawadowicz's person and his home to seize "Light colored sleeveless style shirt, dark jean style pants, light colored shoes and all other clothing items of evidentiary value, along with documents showing proof of residency." In support of the application, Spain attested that he had probable cause to believe that these items were then located on the person and premises set forth in the application. The factual basis for

---

[2] Each party has submitted a statement of uncontested facts required by Local Rule (LR) 56.1(a) (3) and (b)(3). Defendant objects to several of the statements of fact in Zawadowicz's LR 56.1(b)(3) statement as improperly supported by the record as required by LR 56.1(a). These objections are valid. Zawadowicz has not submitted an affidavit attesting to facts within his knowledge or laid a foundation for the documents he attaches. Where the source of the documents and their meaning are clear from their face, the court disregards the lack of authentication. *See Medline Indus., Inc*. v. *Cymbion, LLC*, No. 09 C 581, 2010 WL 4736315, at *10 n.9 (N.D. Ill. Nov. 16, 2010) (noting that the "very act of production [is] implicit authentication"); *Vulcan Golf, LLC* v. *Google, Inc.*, 726 F. Supp. 2d 911, 915 (N.D. Ill. 2010). Otherwise, Zawadowicz's statements of fact are used only where documented in the record by citation to the answer to the amended complaint, deposition testimony, responses to requests to admit, or answers to interrogatories.

[3] Defendants' Exhibit 5 is a video recording of the interrogation. It runs two hours and 59 minutes, although the end of the recording does not appear to be the end of the interrogation.

the warrant included recitation of evidence that "Zawadowicz . . . has been identified by four (4) eyewitnesses as having participated in the beating that resulted in Marcin Strojny [sic] death."

On August 4, officers transported Zawadowicz to a lockup at the 25th District police station where he was received at 9:12 a.m. Thereafter, Zawadowicz was not in defendants' custody. At 9:12 a.m. on August 4, Zawadowicz had been in the defendants' custody slightly more than 47 hours. At 9:43 a.m. on August 4, the State's Attorney approved a first degree murder charge against Zawadowicz. "In early noon [*sic*] or afternoon" of August 5, a Cook County judge found probable cause. Zawadowicz was then remanded to the custody of the Cook County Sheriff until June 1, 2009. On June 1, 2009 the case was dismissed without prejudice (order of *nolle prosequi*) after civilian witnesses did not appear in court.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at

598–99.  Although a bare contention that an issue of fact exists is insufficient to create a factual

dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all

facts in a light most favorable to the non-moving party and draw all reasonable inferences in that

party's favor.  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d

202 (1986).

## ANALYSIS

### I.      The Fourth Amendment Claim

Relying on *Gerstein* v. *Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), and

*County of Riverside* v. *McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991),

Zawadowicz alleges deprivation of liberty without due process in that he was held in custody

more than 48 hours before being taken before a judge for judicial determination of probable

cause.  Defendants argue that there is no evidence that defendants unreasonably delayed his

probable cause hearing; rather, any responsibility belongs with the "lockup personnel" at the

25th District who received custody during the 48th hour.

*Gerstein* held that the Fourth Amendment entitles a person arrested without a warrant and

held for trial under a prosecutor's  information to a prompt determination by a neutral and

detached magistrate of probable cause for continued pretrial restraint of his liberty.  420 U.S. at

114.  *McLaughlin* put some flesh on the bones of "prompt" by setting a standard:  "[W]e believe

that a jurisdiction that provides judicial determinations of probable cause within 48 hours of

arrest will, as a general matter, comply with the promptness requirement of *Gerstein*.  For this

reason, such jurisdictions will be immune from systemic challenges."  500 U.S. at 56.  Where

detention lasts more than 48 hours, the government bears the burden of demonstrating the

4

existence of a bona fide emergency or other extraordinary circumstance which justified the delay. *Id*. at 57.

The undisputed facts point to the conclusion that defendants caused Zawadowicz to be denied a probable cause hearing within 48 hours of his arrest. That the defendants delivered him to the 25th District with less than an hour to present him in court, and the absence of evidence that a court hearing was available between 9:12 and 9:59 a.m. on August 4, plaintiff has established that defendants, through their 47-plus hour detention, denied Zawadowicz a prompt determination of probable cause. Defendants have offered no evidence of a bona fide emergency or other extraordinary circumstance that justified the delay. Their effort to pass responsibility off to an official who happens not to have been sued is a transparent effort to evade responsibility for an outcome they undoubtedly caused.[4]

## II.    Qualified Immunity

Defendants first argue that they are entitled to qualified immunity because it was reasonable for them to believe that the lockup personnel bore the responsibility to ensure that Zawadowicz appear in court within 48 hours. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson* v. *Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)

---

[4] Zawadowicz sued the defendants in their individual and official capacities. There is no basis in the facts or in law for an official capacity claim against these defendants. Defendants are not policy-making officials, nor is there any evidence that the City of Chicago has a policy of depriving arrestees of rights under *Gerstein* and *McLaughlin*. *See Monell* v. *Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (Municipal liability under § 1983 is limited to deprivations of federally protected rights caused by action taken pursuant to official municipal policy of some nature.)

(quoting *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

They rely on *Tibbs* v. *City of Chicago*, 469 F.3d 661, 665 (7th Cir. 2006), and *Brown* v.

*Patterson*, 823 F.2d 167, 168–69 (7th Cir. 1987).  Thus, the issue is whether a reasonable officer

in defendants' position would have understood that he bore responsibility to conclude the

investigation in time for Zawadowicz to appear in court within 48 hours.

 None of the cited cases addresses this issue.  *Tibbs*, citing *Baker* v. *McCollam*, 443 U.S.

137, 143, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), held that a person who was arrested pursuant

to a valid warrant and was held in custody more than 48 hours had no right to a judicial

determination of probable cause even though he was not the person named in the warrant.  *Tibbs*

does not allocate the burden of responsibility between police officers and jailers  for ensuring a

prompt determination of probable cause.  Similarly to *Tibbs, Brown* held that where an officer

arrested the wrong person pursuant to a warrant, he did not violate the Fourth Amendment if his

action was reasonable.  Neither of these cases supports defendants' position and their argument

is, for reasons stated in Part A, rejected.

Defendants also argue that it was reasonable for them to believe that *Gerstein* and

*McLaughlin* were satisfied when a judge signed a warrant where Detective Spain had set out the

facts of plaintiff's arrest and the reasons therefor, because the warrant application stated probable

cause. Probable cause for a search warrant "is established when, based on the totality of the

circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person

to believe that a search will uncover evidence of a crime."  *United States* v. *Spears*, --- F.3d ----,

2012 WL 739294, at *8 (7th Cir. Mar. 8, 2012) (citing *Illinois* v. *Gates*, 462 U.S. 213, 238,

103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *United States* v. *Garcia*, 528 F.3d 481, 485–86 (7th

Cir. 2008)). The probable cause determination for holding a person in custody "is whether there is a reasonable ground for belief of guilt." *Maryland* v. *Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) (citation and internal quotation marks omitted).

Defendants cite an unpublished decision from another circuit, *Brainerd* v. *County of Lake*, 357 Fed. App'x 88, 91 (9th Cir. 2009), for the proposition that a judicial determination of probable cause may be made by telephone. The case has no relevance to their argument because it does not suggest any erosion of *Gerstein* and *McLaughlin* on which to base an argument that the law was not clearly established such that probable cause for a search warrant amounts to probable cause for holding a person in custody. Here, unlike in *Brainerd*, no telephonic judicial determination of probable cause was made within 48 hours of the arrest.

Defendants also cite *United States* v. *Bueno-Vargas*, 383 F.3d 1104, 1111–12 (9th Cir. 2004), where a probable cause statement that was faxed to a magistrate judge negated a duration of confinement claim. There, the defendant was arrested on a Friday morning; a customs agent prepared and signed under penalty of perjury a "probable cause statement" and faxed it to a United States magistrate judge in a distant city. Fifteen minutes later, the magistrate judge faxed back a signed finding of probable cause. The defendant was detained over the weekend and did not appear in court for his initial appearance until Monday, more than 48 hours after the arrest, when a second magistrate judge made a (second) finding of probable cause based on a sworn complaint. *Bueno-Vargas* held that "the 'weekend fax procedure' satisfied the Fourth Amendment's requirement that the government obtain a judicial determination of probable cause within 48 hours of a warrantless arrest." 383 F.3d at 1112. Here, by contrast, there was no judicial finding of probable cause within 48 hours of the warrantless arrest.

Similarly, defendants' reliance on a dissenting judge's statement in *Peet* v. *City of Detroit*, 502 F.3d 557, 570 (6th Cir. 2007), adds nothing to their position. In *Peet* an individual was taken into custody on the representation that he had witnessed a crime, but he was placed in a line-up and identified as an accomplice. Based on this evidence, police obtained an arrest warrant (within 48 hours of the arrest) from a judge. The issue in the case was whether probable cause existed at the time of the arrest, not whether the post-arrest warrant violated *McLaughlin*. Indeed, defendants have cited no precedent in any state or federal court even suggesting that a judicial finding of probable cause for a search warrant, *i.e.*, that a search of the defendant's person and residence will produce specified physical evidence of a crime, can be a substitute for a determination of probable cause that a particular person has committed a particular crime. *Gerstein* and *McLaughlin* have been clearly established for decades. The defendants are not entitled to qualified immunity.

## III.    The False Imprisonment Claim

Defendants argue that because Zawadowicz concedes that defendants had probable cause for the arrest his claim of false imprisonment is foreclosed under Illinois law. *See, e.g.*, *Hernandez* v. *Dart*, 635 F. Supp. 2d 798, 806 (N.D. Ill.,2009) ("The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was retained or arrested by the defendant[s], and that the defendant[s] acted without having reasonable grounds to believe that an offense was committed by the plaintiff." (quoting *Meerbrey v. Marshall Field & Co.,* 564 N.E.2d 1222, 1231, 139 Ill. 2d 455, 151 Ill. Dec. 560 (1990) (internal quotation marks omitted)); *Mark* v. *Furay*, 769 F.2d 1266, 1268–69 (7th Cir. 1985) ("This court has consistently held that the existence of probable cause for an arrest totally precludes any section 1983 claim

for unlawful arrest, false imprisonment, or malicious prosecution . . . ."). Zawadowicz makes no

argument in opposition. Defendants' motion for summary judgment on this claim is well founded.

## ORDER

Plaintiff's motion for summary judgment on liability under Count I is granted.

Defendants' motion for summary judgment on Count I is denied. Defendant's motion for

summary judgment on Count II is granted. This case will be called for a status hearing on

April 17, 2012, at 8:30 a.m., to address the issue of trial of damages. The parties are directed, in

the meantime, to use all reasonable efforts to settle the case.

Dated: March 15, 2012                    ENTER: _____

                                              JOAN HUMPHREY LEFKOW
                                              United States District Judge

9